IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAVIER CORTEZ,

        Plaintiff,

v.                                                  Cause No.   1:16-CV-1206

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company, by and through its counsel of record, Chapman and Charlebois, P.C. (Donna L. Chapman and Robert J. Johnston), hereby files this Notice of Removal pursuant to 28 U.S.C §§ 1332, 1441, and 1446, and in support thereof, states as follows.

1. Plaintiff Javier Cortez ("Plaintiff") filed his Complaint to Recover Damages for Personal Injury and Other Damages (hereinafter "Complaint") in the State of New Mexico, County of Bernalillo, Second Judicial District, in Cause No. D-202-CV-2016-05604 (hereinafter "State Court Action") on September 12, 2016. *See* Complaint (attached hereto as **Exhibit A**).

2. GEICO General Insurance Company ("GEICO"), through counsel (Simone, Roberts & Weiss, P.A.) filed an Answer to the Complaint on October 18, 2016. *See* Answer (attached hereto as **Exhibit B**).

3. Simone, Roberts & Weiss, P.A. (Stephen Simone) represents GEICO with respect to the uninsured and underinsured motorist claims raised in the Complaint.

4. Chapman and Charlebois, P.C. (Donna L. Chapman and Robert J. Johnston) represents GEICO with respect to the extra-contractual claims raised in the Complaint.

5. While GEICO filed an Answer to Plaintiff's Complaint, removal is proper pursuant to 28 U.S.C. §1446(b). *See Liebau v Columbia Cas. Co.* (D. Kan. 2001) 176 F Supp 2d 1236, 1244 ("the mere filing in state court of a pleading raising a defense which might be conclusive on the merits is insufficient to find a waiver [of the right to remove]; rather there must be action on the part of defendants resulting in a decision on the merits on that defense."); *see also Nixon v Wheatley*, 368 F.Supp.2d 635, 641 (ruling that conducting limited discovery and filing counter and cross-claims does not seek a resolution of the dispute on the merits. Engaging in such limited, non-dispositive activity in a state court prior to removal does not demonstrate a specific and positive intent to proceed in that forum).

6. Plaintiff is a citizen of the state of New Mexico. **Exhibit A**, ¶ 1.

7. Defendant GEICO General Insurance Company ("GEICO") is incorporated, and maintains its principal place of business, in the state of Maryland.

8. Pursuant to 28 U.S.C. §1446(c)(2), and *Hanna v. Miller*, 163 F.Supp.2d 1302 (D.N.M. 2001), the amount in controversy, while not stated in the Complaint, more likely than not, exceeds the amount of $75,000 as required by 28 U.S.C. §1332(a).

9. Further, while the Complaint states, "[t]he damages sought by Plaintiff Cortez against Defendant GEICO do not exceed $75,000, and this claim is not subject to diversity jurisdiction," Plaintiff's claims do exceed $75,000, thus granting this Court original jurisdiction over Plaintiff's claims.

10. "Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy. . . ." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[A] plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

11. While ordinarily, evidence of settlement negotiations is inadmissible at trial, the Tenth Circuit Court of Appeals held, "documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.*

12. On February 11, 2016 Plaintiff demanded $100,000 in settlement of his claims. *See* Demand Letter, February 11, 2016 (attached hereto as **Exhibit C**).

13. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as **Exhibit D**.

16. In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as **Exhibit E**.

17. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

18. A Civil Cover Sheet for this Court is hereto attached as **Exhibit F**.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

/s/ Robert J. Johnston
Donna L. Chapman
Robert J. Johnston
P.O. Box 92438
Albuquerque, NM 87199
Tel: (505) 242-6000
donna@cclawnm.com
robert@cclawnm.com
*Attorneys for Defendant GEICO General Insurance Company as to the Extra-Contractual Claims Only*

I HEREBY CERTIFY that on the 2nd day of November, 2016, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark J. Caruso
Caruso Law Offices, P.C.
4302 Carlisle Blvd. NE
Albuquerque, NM 87107
Tel: (505) 883-5000
mark@carusolaw.com
*Attorney for Plaintiff*

Stephen M. Simone
Simone, Roberts & Weiss, P.A.
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87110
Tel: (505) 298-9400
ssimone@srw-law.com
*Attorneys for GEICO General Insurance Company for Underlying Uninsured/Underinsured Claims Only*

/s/Robert J. Johnston

4

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/12/2016 11:11:34 AM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JAVIER CORTEZ,

       Plaintiff,

vs.                                No.  D-202-CV-2016-05604

GEICO GENERAL INSURANCE COMPANY,

       Defendant.

## COMPLAINT TO RECOVER DAMAGES
## FOR PERSONAL INJURY AND OTHER DAMAGES

**COMES NOW** the Plaintiff Javier Cortez, by and through his attorneys of record, Caruso Law Offices, P.C., by Mark J. Caruso, Esq. and Evan Woodward, Esq. and brings his claim for damages against the Defendant Geico General Insurance Company and for his cause of action states as follows:

1.      Plaintiff Javier Cortez, hereinafter "Plaintiff Cortez" is a resident of the County of Bernalillo, State of New Mexico.

2.      Defendant Geico General Insurance Company, hereinafter "Defendant Geico" is a foreign corporation doing business in the State of New Mexico by issuing automobile liability insurance policies to New Mexico residents.

3.      Plaintiff Javier Cortez procured his insurance policy from Defendant Geico. Said policy provided for uninsured motorist coverage in the event Plaintiff Javier Cortez had a collision with an uninsured driver.

4.      Defendant Geico, therefore, is a proper party and this Court has *in personam* jurisdiction over Defendant Geico and the subject matter of this action.



EXHIBIT A

5.  The incident giving rise to this action occurred in the County of Bernalillo, State of New Mexico.

6.  On or about March 28, 2015, Plaintiff Cortez was stopped for traffic on westbound Lomas Boulevard NE. Plaintiff Cortez's vehicle was rear ended by an unknown hit and run driver that fled the scene of the collision.

7.  The uninsured driver is liable to Plaintiff Cortez as a result of the following acts of negligence, acts or omissions:

> Driving inattentively;
>
> Following too closely;
>
> Leaving the scene of an accident after knowingly causing injury and property damage to another;
>
> Traveling too fast for conditions;
>
> Failing to keep a proper look out;
>
> Failing to keep a vehicle under control;
>
> Violating traffic statutes, codes and ordinances;
>
> Failing to operate a vehicle in a safe and reasonable manner; and
>
> Driving a vehicle in a careless and reckless manner.

8.  Plaintiff Cortez is insured with Defendant Geico both for the statutorily required coverage and for uninsured motorist coverage.

9.  The insurance agreement between Plaintiff Cortez and Defendant Geico provided that Geico would provide coverage to Plaintiff Cortez in the event of injuries and other damages resulting from a collision with an uninsured driver.

10. Pursuant to New Mexico statute and case law and the insurance agreement, Defendant Geico is directly liable to Plaintiff Cortez for the damages caused by the acts of the uninsured driver.

11. Defendant Geico has a duty to Plaintiff Cortez to provide the referenced coverage.

12. Defendant Geico has breached its duty to the Plaintiff Cortez to provide the referenced coverage.

13. Defendant Geico is directly liable to Plaintiff Cortez for the following damages:

Damages for medical expenses, both past and future;

Damages for lost earnings;

Damages for pain and suffering, both past and future; and

Damages for permanent injury and impairment.

14. The damages sought by Plaintiff Cortez against Defendant Geico do not exceed $75,000, and this claim is therefore not subject to diversity jurisdiction of the United States District Court.

**WHEREFORE**, Plaintiff Javier Cortez prays for judgment against Defendant Geico General Insurance Company in an amount reasonable to compensate him for all the foregoing damage and injuries, plus interest and prejudgment interest, attorney's fees, the costs of this action, and for such other further relief as the Court may deem proper.

**CARUSO LAW OFFICES, P.C.**

By: /s/ Mark J. Caruso
Mark J. Caruso, Esq.
Evan Woodward, Esq.
*Attorneys for Plaintiff*
4302 Carlisle Blvd., N.E.
Albuquerque, New Mexico 87107
Tel: (505) 883-5000
Fax: (505) 883.5012
E-mail: www.carusolaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/18/2016 11:05:22 AM
James A. Noel
Shellene Romero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JAVIER CORTEZ,

    Plaintiff                            D-202-CV-2016-05604

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## ANSWER TO THE COMPLAINT TO RECOVER DAMAGES
## FOR PERSONAL INJURY AND OTHER DAMAGES

COMES NOW, the GEICO General Insurance Company, (hereinafter GEICO) by and through its undersigned attorneys, Simone, Roberts & Weiss, P.A., by Stephen M. Simone, and for its Answer to the Complaint states as follows:

### FIRST DEFENSE

1. Defendant GEICO admits the allegations contained in Paragraph 1.

2. Defendant GEICO admits the allegations contained in Paragraph 2.

3. Defendant GEICO admits the allegations contained in Paragraph 3, except to state that any coverage provided must be in accordance with the policy.

4. Defendant GEICO admits the allegations contained in Paragraph 4.

5. Defendant GEICO admits the allegations contained in Paragraph 5.

6. Defendant GEICO denies the allegations contained in Paragraph 6.

7. Defendant GEICO denies the allegations contained in Paragraph 7.

8. Defendant GEICO admits the allegations contained in Paragraph 8, but states that the policy determines the amount and nature of coverage.

9. Defendant GEICO admits the allegations contained in Paragraph 9, except that said


EXHIBIT B

coverage is limited by the limits of coverage.

10. Defendant GEICO admits the allegations contained in Paragraph 10.

11. Defendant GEICO denies the allegations contained in Paragraph 11.

12. Defendant GEICO denies the allegations contained in Paragraph 12.

13. Defendant GEICO denies the allegations contained in Paragraph 13.

14. Defendant GEICO admits the allegations contained in Paragraph 14.

## SECOND DEFENSE

As a separate, further, affirmative defense, Defendant GEICO states that the Plaintiff has failed to mitigate his damages, said defense being asserted at this time to prevent waiver.

## THIRD DEFENSE

As a separate, further, affirmative defense, Defendant GEICO states that the negligence of all parties and non-parties must be compared and any recovery by the Plaintiff against Defendant be limited in accordance with the policy and the negligence of the tortfeasor.

WHEREFORE, having fully answered the Complaint, Defendant GEICO prays that the complaint be dismissed at Plaintiff's cost and for such other relief as the Court deems proper.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/Stephen M. Simone
Stephen M. Simone
Attorney for Defendant GEICO General
Insurance Company
1700 Louisiana Blvd., N.E., Suite 240
Albuquerque, NM 87110
Phone: (505) 298-9400
Fax:   (505) 298-7070

I HEREBY CERTIFY that on the 18th day of October 2016, a true and correct copy of the

forgoing pleading was filed electronically
through the Odyssey File/Serve System
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing:

Mark J. Caruso
Evan P. Woodward
Caruso Law Offices PC
4302 Carlisle Blvd NE
Albuquerque, NM 87107-4811
Email   mark@carusolaw.com
        evan@carusolaw.com
Work Phone   (505) 883-5000
Fax     (505) 883-5012

/s/Stephen M. Simone
Stephen M. Simone

02 17 16



**Mark J. Caruso**
Attorney At Law
Licensed in NM & CA

**David Shelle**
Attorney At Law
Licensed in NM

www.carusolaw.com

# CARUSO
### L A W   O F F I C E S
*Personal Injury & Wrongful Death Attorneys*

*Main Office*
4302 Carlisle Blvd NE
Albuquerque, NM 87107
Tel: (505) 883-5000
Fax: (505) 883-5012

*Westside Office*
2929 Coors Blvd. NW
Suite 310E
Albuquerque, NM 87120
Tel: (505) 369-1361
Fax: (505) 883-5012

*Via Certified Mail – Return Receipt Requested*

February 11, 2016

GEICO General Insurance Company
Attn: Mindy Nop – Region V Claims
P.O. Box 509105
San Diego, CA 92150-9930

      RE:    Our Client/Policyholder:    Javier Cortez
               Claim Number:             043235015-0101-076
               Date of Loss:                03/28/2015

Dear Ms. Nop:

As you are aware, we have been retained by Javier Cortez with respect to personal injuries he suffered as a result of the motor vehicle collision that occurred on March 28, 2015.

The purpose of this letter is demand for settlement of Mr. Cortez's underinsured motorist bodily injuries coverage claim and not authorized for any other purpose. This letter will outline the important facts for determination of the amount of damages which should be recovered by my client.

**MEDICAL EXPENSES:**

As you may be aware, New Mexico statutes have set forth a specific jury instruction to assist the jury in determining the amount of medical expenses which should be recovered by my client. The instruction is as follows:

"The reasonable value of necessary medical expenses which have been required as a result of the injury and the present cash value of such non-medical expenses reasonably certain to be required in the future." (NMSA Jury Instruction 13-1804).

Javier Cortez incurred the following incident-related medical expenses as a direct result of the motor vehicle accident:

1. 1st Health                                            $12,084.16
2. Albuquerque Neck & Back                 $664.47
3. Masterpiece Integrative Medicine     $3,451.82

                                          **Total:**     **$16,200.45**



EXHIBIT C

02 17 16

**PAIN & SUFFERING:**

Each of Mr. Cortez's medical care providers have carefully documented all complaints of pain, suffering, and change of lifestyle as they relate to the injuries he sustained. This documentation is in the form of notes made contemporaneously with their examination and treatments of my client's injuries. In addition, friends and relatives of Javier Cortez can attest to the pain, suffering, and change of lifestyle as they relate to the injuries he sustained.

As you may be aware, New Mexico statutes have set forth a specific jury instruction to assist the jury in determining the amount of pain and suffering. The instruction is as follows:

"The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury. The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiffs with fairness to all parties to this action." (NMSA Jury Instruction 13-1807).

**LOST EARNINGS:**

At the time this loss occurred and at all times relevant hereto, Mr. Cortez had been employed at Uber and Lyft as a driver. I have included documentation from Mr. Cortez's employment establishing Mr. Cortez's lost earnings to be $2,310.12 as a result of this collision.

**SETTLEMENT DEMAND:**

Javier Cortez herein demands the sum of $100,000.00 as full and final settlement of his underinsured motorist bodily injuries coverage claim. This offer cannot remain open indefinitely and shall terminate fifteen (15) days following the date of your receipt of this certified demand package.

Enclosed please find complete documentation of all incident-related medical records and medical expenses incurred. Please contact me immediately, in writing, if you require any additional documentation to properly evaluate Mr. Cortez's underinsured motorist bodily injuries coverage claim. Thank you.

Sincerely,

*Mark J. Caruso*

Mark J. Caruso
Attorney at Law, licensed in CA and NM
CARUSO LAW OFFICES, P.C.

MJC*bt
Enclosures:   Medical Records and Expenses
              Lost Wage documentation
        cc:   Javier Cortez w/o enclosures

2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JAVIER CORTEZ,

        Plaintiff,

v.                              No.   D-202-CV-2016-05604

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that GEICO General Insurance Company (hereinafter "GEICO"), by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Robert J. Johnston), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via e-mail to:

| | |
|---|---|
| Mark J. Caruso<br>Caruso Law Offices, P.C.<br>4302 Carlisle Blvd. NE<br>Albuquerque, NM 87107<br>mark@carusolaw.com<br>*Attorney for Plaintiff* | Stephen M. Simone<br>Simone, Roberts & Weiss, P.A.<br>1700 Louisiana Blvd. NE, Suite 240<br>Albuquerque, NM 87110<br>ssimone@srw-law.com<br>*Attorneys for GEICO General Insurance Company for Underlying Uninsured/Underinsured Claims Only* |

                                Respectfully submitted,

                                CHAPMAN AND CHARLEBOIS, P.C.

                                */s/ Robert J. Johnston*

                                Donna L. Chapman<br>                                Robert J. Johnston<br>                                P.O. Box 92438<br>                                Albuquerque, NM 87199<br>                                Tel: (505) 242-6000<br>                                donna@cclawnm.com<br>                                robert@cclawnm.com<br>                                *Attorneys for GEICO*



EXHIBIT D

I hereby certify the foregoing was served on the following counsel of record via the Odyssey File & Serve system on this 2nd day of November, 2016:

Mark J. Caruso
Caruso Law Offices, P.C.
4302 Carlisle Blvd. NE
Albuquerque, NM 87107
mark@carusolaw.com
*Attorney for Plaintiff*

Stephen M. Simone
Simone, Roberts & Weiss, P.A.
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87110
Tel: (505) 298-9400
ssimone@srw-law.com
*Attorneys for GEICO General Insurance Company for Underlying Uninsured/Underinsured Claims Only*

_____
Robert J. Johnston

2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JAVIER CORTEZ,

        Plaintiff,

v.                                          No.    D-202-CV-2016-05604

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

## ENTRY OF APPEARANCE

Chapman and Charlebois, P.C. (Donna L. Chapman and Robert J. Johnston), hereby enter their appearance on behalf of Defendant GEICO General Insurance Company, as to the extra-contractual claims raised in the Complaint. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                                        Respectfully submitted,

                                        **CHAPMAN AND CHARLEBOIS, P.C.**

                                        _/s/ Donna L. Chapman_
                                        Donna L. Chapman
                                        Robert J. Johnston
                                        PO Box 92438
                                        Albuquerque, NM  87199
                                        Tel: (505) 242-6000
                                        donna@cclawnm.com
                                        robert@cclawnm.com
                                        *Attorneys for Defendants GEICO General Insurance Company as to the extra-contractual claim*



EXHIBIT E

I hereby certify the foregoing was served on the following counsel of record via the Odyssey File & Serve system on this 2nd day of November, 2016:

Mark J. Caruso
Caruso Law Offices, P.C.
4302 Carlisle Blvd. NE
Albuquerque, NM 87107
Tel: (505) 883-5000
mark@carusolaw.com
*Attorney for Plaintiff*

Stephen M. Simone
Simone, Roberts & Weiss, P.A.
1700 Louisiana Blvd. NE, Suite 240
Albuquerque, NM 87110
Tel: (505) 298-9400
ssimone@srw-law.com
*Attorneys for GEICO General Insurance Company for Underlying Uninsured/Underinsured Claims Only*

/s/ Robert J. Johnston
Robert J. Johnston

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>JAVIER CORTEZ | DEFENDANTS<br>GEICO GENERAL INSURANCE COMPANY |
|---|---|
| (b) County of Residence of First Listed Plaintiff   BERNALILLO<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   MONTGOMERY (MD)<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Mark J. Caruso, Caruso Law Offices, P.C.<br>4302 Carlisle Blvd. NE Albuquerque, NM 87107<br>(505) 883-5000 | Attorneys *(If Known)*<br>Donna L. Chapman and Robert J. Johnston, Chapman and Charlebois, P.C. (505) 242-6000<br>4100 OSUNA NE, SUITE 2-202 ALBUQUERQUE, NM 87109 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY<br>☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other:<br>☐ 540 Mandamus & Other | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §§ 1332, 1441, and 1446
Brief description of cause:
PERSONAL INJURY CLAIM

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE November 2, 2016   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

EXHIBIT F